IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Johnny I. McClain, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:24-cv-3329-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Andy Baker and Mrs. Huffman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Johnny McClain, III, a convicted and sentenced state prisoner proceeding *pro se* and *in forma pauperis*, (ECF No. 21), filed this § 1983 action against Defendants Andy Baker and Mrs. Huffman, asserting Fourteenth Amendment claims[1] of excessive force and deliberate indifference to medical needs, (ECF No. 1). Defendants, who are both officers with the York County Detention Center, filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 27). Plaintiff filed a response in opposition, (ECF No. 38), and the magistrate judge[2] issued an Order and Report and Recommendation ("Report"), recommending the court grant in part and deny in part the motion to dismiss,[3] (ECF No. 55). Defendants filed objections to the Report, (ECF No. 58), and this matter is ripe for review.

---

[1] At the time of the incident that gave rise to this case, Plaintiff was a pretrial detainee.

[2] This matter was referred to a magistrate judge for all pretrial proceedings in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.).

[3] In her order and Report, the magistrate judge also denied Plaintiff's motion for sanctions. (ECF Nos. 48, 55 at 9). Plaintiff did not object to that ruling.

1

## STANDARD OF REVIEW

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). Thus, "[t]o trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" *Elijah*, 66 F.4th at 460 (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017); *see also Elijah*, 66 F.4th at 460 (noting that "[i]f a litigant objects only generally, the district court reviews the magistrate's recommendation for clear error only"). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his pleadings and filings liberally in order to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This does not mean, however, that the court can ignore a *pro se* party's failure to allege or prove facts that establish a claim currently cognizable

in a federal district court. *See Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs.*, 521 Fed. App'x 278, 290 (4th Cir. 2013) (noting that "'district judges are not mind readers,' and the principle of liberal construction does not require them to 'conjure up questions never presented to them or to construct full-blown claims from sentence fragments'" (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985))).

A motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id.* Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id.* Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right

3

to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).[4]

## DISCUSSION

Plaintiff contends that, on December 3, 2023, Officer Baker tried to break Plaintiff's arms after Plaintiff refused to accept a cold breakfast tray. (ECF No. 1 at 5). He claims Officer Baker pulled Plaintiff's arms out of the feeding flap and banged, twisted, and pulled them "in a violent rage", causing his left arm to make a cracking sound. *Id*. at 5-6. Plaintiff alleges the incident occurred in front of Officer Huffman and other pretrial detainees and that he was "refused medical treatment for some days" afterwards. *Id*. at 6. When the nurse came days later, "she [did] nothing", despite Plaintiff being "in so much pain" and unable to raise his arms or feed himself. *Id*. at 6, 13. Plaintiff provides he "had to sign up for sick call" and "was placed on [a] waiting list [for] x-rays." *Id*. at 6. Plaintiff contends he suffered injuries to both arms and that he continues to have swelling in his left forearm. *Id*. at 6, 13. For relief, he seeks monetary damages and for Officer Baker's employment to be terminated. *Id*. at 6. On his complaint form, Plaintiff checked the boxes indicating he is suing Officer Baker in both his official capacity and individual capacity but that he is suing Officer Huffman only in her official capacity. *Id*. at 2-3.

---

[4] As the magistrate judge stated in her Report "Defendants indicate their motion is partially based on Rule 12(b)(1). However, they have advanced no argument implicating the court's subject matter jurisdiction." (ECF No. 55 at 2 n.1).

The magistrate judge issued an order advising Plaintiff of the necessary steps to bring his case into proper form. (ECF No. 8). Once Plaintiff brought his case into proper form, the magistrate judge issued another order, explaining "the court construes [the complaint] as purporting to assert Fourteenth Amendment claims pursuant to 42 U.S.C. § 1983 of excessive force and deliberate indifference to medical needs against Defendants." (ECF No. 21 at 2). She also directed Defendants to file an answer "or otherwise plead accordingly." *Id*.

Defendants filed a motion to dismiss, arguing: (1) Plaintiff's complaint fails to state a claim upon which relief can be granted under § 1983 for deliberate indifference to medical needs and must be dismissed as "Plaintiff does not allege that either Defendant Baker or Defendant Huffman was responsible for any alleged delay in medical treatment or had any involvement in medical treatment whatsoever"; (2) Plaintiff fails to allege any personal involvement of Defendant Huffman nor a proper claim for bystander liability; (3) Defendants are protected by Eleventh Amendment immunity in their official capacities; and (4) Defendants are not "persons" for purposes of § 1983. (ECF Nos. 27, 27-1). The magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), (ECF No. 28), and Plaintiff filed a response in opposition to the motion, (ECF No. 38).

In her Report, the magistrate judge agreed with Defendants that Plaintiff's claims against them *in their official capacities* are subject to dismissal as, "in their official capacities, [Defendants] are immune from suit under the Eleventh Amendment and not considered persons amendable to suit under § 1983." (ECF No. 55 at 6-7). However, the magistrate judge could not "say at this juncture that Plaintiff has sued Defendants *only* in their official capacities", *id*. at 8 (emphasis in original), explaining that checking boxes on a complaint form is not dispositive of this issue and that courts must instead look "to the nature of the plaintiff's claims, the relief sought,

5

and the course of the proceedings." *Id*. (quoting *Foreman v. Griffith*, 81 F. App'x 432, 435 (4th Cir. 2003)). The magistrate judge determined that Plaintiff seeking monetary damages and failing to allege Defendants acted pursuant to any official policy or custom are "both clear indicators that Plaintiff's claims are against Defendants in their individual capacities."[5] *Id*.

As to those claims, the magistrate judge again recognized that "Plaintiff alleges violations of his Fourteenth Amendment rights as a pretrial detainee due to Defendants' excessive use of force and deliberate indifference to his medical needs." (ECF No. 55 at 4). She found Plaintiff plausibly alleged both defendants were deliberately indifferent to his medical needs. She also found Plaintiff plausibly stated a claim of bystander liability against Officer Huffman, noting Plaintiff alleges Officer Baker acted in front of Officer Huffman. *Id*. at 6. Accordingly, the magistrate judge recommended the undersigned grant in part and deny in part Defendants' motion to dismiss. *Id*. at 10.

Defendants object to the magistrate judge's finding that Plaintiff plausibly alleged they were deliberately indifferent to his medical needs as well as her finding that Plaintiff plausibly stated a claim of bystander liability against Officer Huffman. (ECF No. 58). The court will review these issues *de novo*.[6]

---

[5] In fact, Plaintiff alleges Officer Baker acted *in violation of* York County Detention Center's policy. (ECF No. 1 at 4, 7).

[6] Though the magistrate judge notified both parties of the right to file objections to the Report, (ECF No. 55 at 11), Plaintiff did not file any objections to the Report nor did he file a reply to Defendants' objections. Therefore, the court must only review the magistrate judge's remaining findings for clear error. Having found none, the court agrees with the magistrate judge and adopts those findings herein.

1. **Deliberate Indifference to Medical Needs**

Defendants argue the magistrate judge erred in finding Plaintiff plausibly alleged Defendants were deliberately indifferent to his medical needs. (ECF No. 58 at 2). The court disagrees.

With 42 U.S.C. § 1983, Congress created "a private cause of action for constitutional violations by persons acting under color of state law." *Bessellieu v. S. Carolina Dep't of Corr.*, No. 8:20-cv-3130-MGL-JDA, 2021 WL 3275897, *2 (D.S.C. July 6, 2021) adopted by 2021 WL 3284246 (D.S.C. July 30, 2021). The statute "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). "Accordingly, a civil action under § 1983 allows 'a party who has been deprived of a federal right under the color of state law to seek relief.'" *Bessellieu*, No. 8:20-cv-3130-MGL-JDA, 2021 WL 3275897, *2 (quoting *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999)). To establish a claim under § 1983, Plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The United States Constitution protects pretrial detainees from prison officials' deliberate indifference to a serious medical need. As recently set forth by the Fourth Circuit:

> To state a claim for deliberate indifference to a medical need, . . . a pretrial detainee must plead that (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had that condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short v. Hartman*, 87 F. 4th 593, 611 (4th Cir. 2023). "Now," since *Short*, "it is sufficient that the plaintiff show that the defendant's action or inaction was . . . 'objectively unreasonable,' . . . that is, the plaintiff must show that the defendant should have known of that condition and that risk, and acted accordingly." *Id*. (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). "The objective element requires an objectively 'serious' medical condition", and "[a] condition is objectively serious if it is 'diagnosed by a physician as mandating treatment' or is 'so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id*. at 612 (quoting *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016)).

In their motion, Defendants argued Plaintiff's deliberate indifference to his medical needs claim should be dismissed because he does not allege that either defendant "was responsible for any alleged delay in medical treatment or had any involvement in medical treatment whatsoever." (ECF No. 27-1 at 3). In recommending the motion be denied as to this claim, the magistrate judge explained "non-medical prison employees can be found to have acted with deliberate indifference by 'intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed'" . . . "[a]nd here, Plaintiff alleges [Defendants] witnessed him suffer an objectively serious injury, failed to seek medical attention for him, and that he was harmed as a result." (ECF No. 55 at 5) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

In their objections, Defendants abandon the argument raised in their motion on this claim. According to Defendants, "the question", now, "is whether Plaintiff's Complaint alleges a medical condition that was so obvious that even a lay person would easily recognize the necessity for medical treatment." (ECF No. 58 at 2). Though Plaintiff alleges Officer Baker *tried* to break his arms by pulling, twisting, and banging them in "a violent rage" until Plaintiff's left arm made a cracking sound, Defendants argue that Officer Baker did not *actually* break his arms or that there

8

was "any observable injury," despite acknowledging Plaintiff's allegation that his arm made a cracking sound. *Id*. Defendants further note that x-rays allegedly revealed no fracture of other abnormalities in either arm and that a nurse did not order treatment for the "purported injury." *Id*. Thus, according to Defendants, "[i]f Plaintiff's injury could not be discovered by either x-ray or a trained medical professional," here, a nurse, "his purported injury could not have been so obvious that a correctional officer would have easily recognized the necessity for medical attention nor that either of these Defendants failed to notify medical staff." *Id*. at 2-3. Therefore, they maintain Plaintiff's claim for deliberate indifference to a medical need must be dismissed. *Id*. The court disagrees.

Putting aside the issue of whether Defendant's new argument is properly before the court, the court finds Plaintiff presents a plausible medical indifference claim. Again, Plaintiff alleges his left arm made a cracking sound while Officer Baker was banging, pulling, and twisting his arms in front of Officer Huffman and that both failed to get him medical care. Plaintiff claims he was unable to raise his arms or feed himself afterwards and that he continues to have swelling in his left arm. Accordingly, the court agrees with the magistrate judge that Plaintiff plausibly alleged an objectively serious injury under *Short*.

### 2. Bystander Liability as to Officer Huffman

Defendants maintain Plaintiff failed to allege a plausible claim of bystander liability against Officer Huffman. (ECF No. 58 at 3). The court disagrees.

As set forth in the Report,

> "The concept of bystander liability is premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Randall v. Prince George's Cnty., Md., 302 F.3d 188, 203 (4th Cir. 2002). "To succeed on a theory of bystander liability, a plaintiff must demonstrate that a law-enforcement officer (1) knew that a fellow officer was violating an individual's constitutional rights; (2) had a reasonable opportunity to prevent the harm; and (3)

9

chose not to act." <u>Stevenson v. City of Seat Pleasant, Md.</u>, 743 F.3d 411, 417 (4th Cir. 2014).

(ECF No. 55 at 6). Again, Plaintiff alleges that, after he refused a cold breakfast tray, Officer Baker, in a violent rage, forcefully pulled his arms through the feeding flap and banged, twisted, and pulled them until his left arm made a cracking sound. Plaintiff provides this occurred in front of Officer Huffman. The court acknowledges Plaintiff does not specify how long the interaction lasted with Officer Baker or how close Officer Huffman was to Officer Baker during it. Liberally construing Plaintiff's complaint and drawing all reasonable inferences therefrom, however, the court agrees with the magistrate judge that "[t]he reasonable assumption is that Huffman . . . witnessed this allegedly excessive use of force, had an opportunity to step in, and chose not do so." (ECF No. 55 at 6). "Whether the evidence ultimately supports those allegations is a question for a later day." <u>Id</u>. at 5.

## CONCLUSION

Accordingly, the court **ADOPTS** the magistrate judge's findings and recommendations in the Report, (ECF No. 55), which is incorporated herein by reference. Defendants' motion to dismiss, (ECF No. 27), is hereby **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

May 12, 2025
Anderson, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.