IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Johnny I. McClain, III, | ) | C/A No. 0:24-3329-TMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Andy Baker; Mrs. Huffman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, proceeding *pro se*, brought this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. On August 26, 2025, the defendants filed a motion for summary judgment. (ECF No. 83.) By order of this court filed August 27, 2025, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 85.)

Review of the docket shows that, for approximately the last six months, the court's Orders were all returned as undeliverable.[1] (See ECF Nos. 72, 76, 77, 78, 80, 90.) At least one of the returned envelopes appears to indicate that the plaintiff has been released from the South Carolina Department of Corrections. (See ECF No. 77.) At this time, neither the court nor the defendants has any means of contacting the plaintiff. Therefore, by failing to respond to the defendants' motion and failing to keep the court apprised of his current address, the plaintiff has failed to prosecute his case.

---

[1] The court notes that when the plaintiff filed this action, he was specifically warned that his failure to keep the court apprised of his current address may result in his case being dismissed. (See Order, ECF No. 8 at 2.)

## RECOMMENDATION

Accordingly, it is recommended that this action be dismissed with prejudice for lack of prosecution. See <u>Davis v. Williams</u>, 588 F.2d 69, 70 (4th Cir. 1978); <u>Ballard v. Carlson</u>, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning), <u>cert. denied sub nom</u>, <u>Ballard v. Volunteers of America</u>, 493 U.S. 1084 (1990); Fed. R. Civ. P. 41(b). In light of the court's recommendation, the court further recommends that any pending motions (ECF No. 82 & 83) be terminated.

_____
September 26, 2025                     Paige J. Gossett
Columbia, South Carolina           UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).