IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Johnny I. McClain, III, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0:24-cv-03329-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Andy Baker and Mrs. Huffman, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Johnny McClain, III, a convicted and sentenced state prisoner proceeding *pro se* and *in forma pauperis*, (ECF No. 21), filed this 42 U.S.C. § 1983 action against Defendants Andy Baker and Mrs. Huffman, asserting Fourteenth Amendment claims[1] of excessive force and deliberate indifference to medical needs, (ECF No. 1). Defendants filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). (ECF No. 27). The magistrate judge issued a Report and Recommendation ("First Report"), recommending the court grant in part and deny in part the motion. (ECF No. 55). On May 12, 2025, the undersigned issued an order adopting the magistrate judge's recommendation. (ECF No. 65).

Thereafter, Defendants filed a motion for summary judgment and a motion to seal. (ECF Nos. 82, 83). Accordingly, the magistrate judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to adequately respond to the summary judgment motion. (ECF No. 85). Though the order was mailed to Plaintiff's last known address, (ECF No. 86),

---

[1] At the time of the incident that gave rise to this case, Plaintiff was a pretrial detainee.

1

Plaintiff failed to respond to either motion. Furthermore, while the court advised Plaintiff of his responsibility to keep the court apprised of any change to his address on multiple occasions, (ECF Nos. 1 at 12; 8 at 2; 21 at 3), "for approximately the last six months, the court's Orders were all returned as undeliverable." (ECF No. 91). *See* (ECF Nos. 72, 76, 77, 78, 80, 90). Notably, the envelope used to mail the undersigned's order ruling on the First Report was returned to the court with a notation that Plaintiff had been released from the South Carolina Department of Corrections. (ECF No. 77).

Now before the court is the magistrate judge's second Report and Recommendation ("Second Report"), recommending this action be dismissed with prejudice for lack of prosecution and that the pending motion to seal and motion for summary judgment be terminated. (ECF No. 91). According to the magistrate judge "by failing to respond to the defendants' motion and failing to keep the court apprised of his current address, the plaintiff has failed to prosecute his case." *Id*. The magistrate judge informed Plaintiff of his right to file objections to the Second Report. *Id*. at 3. The Clerk's Office mailed the Second Report to Plaintiff's last known address, (ECF No. 92), and it has not yet been returned to the court as undeliverable. Plaintiff, however, failed to file objections to the Report, and the deadline to do so has expired.

## STANDARD OF REVIEW

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the

magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

## CONCLUSION

Having reviewed the Second Report and the record, and finding no clear error the court agrees with and **ADOPTS** the Second Report, (ECF No. 91), which is incorporated herein by reference. Accordingly, this action is dismissed with prejudice for failure to prosecute. Defendants'

motion for summary judgment, (ECF No. 83), and motion to seal, (ECF No. 82), are hereby **DISMISSED**.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>Chief United States District Judge

Anderson, South Carolina
October 17, 2025

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.